[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11984
Non-Argument Calendar

_____

D. C. Docket No. 06-00258-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GARZA-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 25, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jorge Garza-Ortiz appeals his 70-month sentence for unlawful reentry into

the United States, in violation of 8 U.S.C. § 1326(a)(2), as being unreasonable. We affirm.

## I. BACKGROUND

Garza-Ortiz was arrested by the Chamblee, Georgia, police department for battery on March 31, 2006. Following an inquiry into Garza-Ortiz's immigration status, the Chamblee police department notified the Bureau of Immigration and Customs Enforcement that Garza-Ortiz had been deported previously. Garza-Ortiz's fingerprints matched an alien registration file for a Mexican citizen who had been deported following a state conviction for attempted robbery. He had been deported or removed from the United States on three previous occasions. Garza-Ortiz waived his Miranda rights, admitted that he had been deported previously, and stated that he returned in October 2005 by walking through the desert near Laredo, Texas, without admission by an immigration officer.

The probation officer assigned Garza-Ortiz a base offense level of 8, under U.S.S.G. § 2L1.2, and recommended a sixteen-level increase because Garza-Ortiz previously had been deported after a conviction for a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He received a three-level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), which resulted in a total offense level of 21. The probation officer assigned Garza-Ortiz seven criminal

history points based on convictions for: (1) criminal mischief; (2) attempted robbery; (3) unlawfully entering the United States; and (4) reentry of a deported alien. His crime at issue in this case yielded additional criminal history points because it occurred while he was on supervised release and less than two years after his release for reentering as a deported alien. With a criminal history category of V, Garza-Ortiz's sentencing range under the Sentencing Guidelines was 70 to 87 months of imprisonment. Neither party filed objections to Garza-Ortiz's Presentence Investigation Report ("PSI").

At the sentencing hearing, the district judge adopted the probation officer's calculations after both parties stated that they had no objections. Garza-Ortiz's counsel argued that a sentence below the Sentencing Guidelines range would be appropriate. Citing U.S.S.G. § 4A1.3, though "hesitat[ing] to use the word 'departure,'" he requested that the judge reduce Garza-Ortiz's criminal-history category to III, because his criminal-history points were assigned for minor infractions. R2 at 6. Defense counsel explained that Garza-Ortiz had come to the United States to make something of his life and ended up living on the streets, when he developed a problem with alcohol; he wanted to return to Mexico to reconnect with his family. Consequently, defense counsel argued that, under 18 U.S.C. § 3553(a), a four-year sentence of imprisonment would be significant to

3

Garza-Ortiz and his family and that it was an appropriate sentence for simply returning to the United States. Garza-Ortiz personally addressed the court, apologized for his conduct, and promised not to return to the United States. He said that alcohol was the cause of his criminal problems.

The government opposed defense counsel's request to lower Garza-Ortiz's criminal-history level, because his criminal-history points were earned by twice returning to the United States after being deported. Although Garza-Ortiz did not have a "particularly interesting criminal history," the government requested a sentence in the middle of the Sentencing Guidelines range, since Garza-Ortiz had returned to the United States following a 57-month term of imprisonment and deportation. R2 at 9.

The district judge found that Garza-Ortiz's previous sentences had failed to "effectuate[] the goal of deterrence." Id. at 10. The judge denied the downward-departure request and found that the random repetition of the offenses justified the Sentencing Guidelines calculation. The judge understood Garza-Ortiz's motivation and observed that he did appear to have a problem with alcohol. The judge sentenced Garza-Ortiz to 70 months of imprisonment, at the low end of the Sentencing Guidelines range.

## II. DISCUSSION

On appeal, Garza-Ortiz's appellate counsel concedes that the Sentencing Guidelines concerning his sentence were calculated correctly. Nonetheless, he argues that Garza-Ortiz's sentence is unreasonable because the district judge "blindly" followed the Sentencing Guidelines "in the face of compelling evidence" that the criminal-history category overstated the seriousness of Garza-Ortiz's criminal history. Appellant's Br. at 15. Appellate counsel identifies a number of factors that support a sentence below the Sentencing Guidelines range: (1) the crime at issue in this case was not violent in nature and did not have a victim; (2) Garza-Ortiz had a meaningful and lasting relationship with his wife and children; and (3) his prior convictions primarily were nonviolent. Counsel argues that a sentence of less than 70 months, followed by deportation, would more realistically reflect the seriousness of the crime. Further, he argues that Garza-Ortiz's sentence is overly harsh and does not promote respect for the law. He contends that Garza-Ortiz would be deterred adequately with a sentence less than 70 months. Additionally, he argues that, given Garza-Ortiz's desire to the leave the country and the nature of his crime, a lengthy sentence was not needed to protect society. Therefore, he concludes that the district judge did not consider all of the § 3553(a) factors and focused too intensely on Garza-Ortiz's criminal history.

We review the sentence imposed by a district judge for reasonableness, United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.), cert. denied, __U.S. __, 128 S.Ct. 671 (2007), which is deferential, United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), a district judge, in determining a reasonable sentence, must consider the correctly calculated advisory Sentencing Guidelines range and the factors set forth in 18 U.S.C. § 3553(a). United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). "The party challenging the sentence bears the burden of establishing the sentence is unreasonable in light of the § 3553(a) factors." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), cert. dismissed, __ U.S. __, 127 S.Ct. 3040 (2007).

In reviewing a sentence for reasonableness, we consider the factors outlined in § 3553(a) and the district judge's reasons for imposing a particular sentence. Id. The § 3553(a) factors include:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or

6

> vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . . .;
> (5) any pertinent policy statement issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentencing disparities . . .; and
> (7) and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

The district judge may choose from a range of reasonable sentences. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and "[w]e will not substitute our judgment in weighing the relevant factors." Williams, 456 F.3d at 1363. A statement by the district judge that he or she has considered the § 3553(a) factors satisfies the obligations under Booker. Amedeo, 487 F.3d at 832.

"We do not in this circuit presume reasonable a sentence within the properly calculated Guidelines range." United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007). The Supreme Court, however, has upheld other circuit decisions affording such a presumption and recognized that a sentence independently calculated by a district judge in accordance with Booker that falls within the properly calculated Sentencing Guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita v. United States, 551 U.S.

7

__, ___, 127 S.Ct. 2456, 2462-63 (2007). Addressing <u>Rita</u>, we stressed that a district judge need not provide a lengthy explanation when imposing a sentence within the Sentencing Guidelines as long as the record establishes that the judge considered the § 3553(a) factors and the parties' arguments. <u>United States v. Agbai</u>, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam).

In this case, despite the district judge's failure to state explicitly that he had considered the § 3553(a) factors, a review of the sentencing hearing shows that the judge considered many of those factors in imposing the sentence. The district judge noted that Garza-Ortiz's previous sentences had not effectuated the goal of deterrence because he continued to return to the United States. The judge understood Garza-Ortiz's motivation in coming to the United States, and he recognized that Garza-Ortiz had a problem with alcohol. Additionally, the sentencing judge heard argument regarding Garza-Ortiz's character and family circumstances. Finally, the judge considered the Sentencing Guidelines range, which both parties agreed was calculated correctly. The district judge imposed a sentence at the low-end of the Sentencing Guidelines range, and the record establishes that the judge considered the § 3553(a) factors and Garza-Ortiz's arguments in imposing his sentence, which meets the acceptable review standard.

## III. CONCLUSION

Garza-Ortiz has appealed his 70-month sentence for unlawfully entering the United States as being unreasonable. Because his sentence was calculated correctly under the Sentencing Guidelines, and the district judge considered the § 3553(a) factors, Garza-Ortiz's sentence is **AFFIRMED.**